F:\DOCS\LITIGATN\3626.001 D & BR\DBR Memo2.wpd

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| William A. Randolph, Inc., an Illinois corporation, Plaintiff, | ) ) ) |
| vs. | ) Case Number: 08CV2257 ) |
| D & BR Building Systems, Inc., a Texas corporation, Defendant. | ) Judge Gottschall ) ) |

**MEMORANDUM IN SUPPORT OF**
**MOTIONS TO TRANSFER FROM THE NORTHERN DISTRICT OF ILLINOIS**

Defendant, D & BR Building Systems, Inc. (DEFENDANT), in separate Motions, moves this Honorable Court for entry of an Order transferring the above-entitled cause from the United States District Court for the Northern District of Illinois, Eastern Division to either the United States District Court for the Western District of Wisconsin or the United States District Court for the Eastern Division of Texas. In support of its Motions, DEFENDANT states:

Count I

**Legal Standard for transfer of Venue under 28 U.S.C. §1391(a)**

*A. Proper venue in the District based upon residence/jurisdiction.*

Establishing that this corporate DEFENDANT resides in this forum, for venue purposes, requires a showing that the DEFENDANT has "minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington*, 326 U.S. 310, 90 L.Ed. 95, 66 S.Ct. 154, 158 (1945). Two types of in personam jurisdiction exist, namely general and specific.

1

Specific jurisdiction is a limited assertion of state power in which personal jurisdiction exists for controversies that arise out of or are related to the defendant's forum contacts. *Hyatt International Corp. v. Coco*, 302 F.3d 707 (7th Cir. 2002). The contacts relating to the issues giving rise to the claim.

General jurisdiction will exist if DEFENDANT's contacts with Illinois are sufficiently "substantial, ... continuous and systematic,". *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 447-48, 72 S.Ct. 413, 96 L.Ed. 485 (1952). If, however, DEFENDANT's contacts are not sufficient to support general jurisdiction, then DEFENDANT may still be subject to specific jurisdiction for claims arising out of or related to its purposefully directed activities within the state. *Burger King v. Rudzewicz*, 471 U.S. 462, 475 at 472 n. 15, 476, 105 S.Ct. 2174. *Spherion Corp. v. Cincinnati Financial Corp*.183 F.Supp.2d 1052, 1055.

## ARGUMENT

DEFENDANT is a Texas corporation, and therefore a resident of Texas. See, Ricketts Affidavit, Exhibit A to Motion. A jurisdictional analysis is necessary to determine if venue is appropriate in the Northern District of Illinois, Eastern Division.

The claims relate solely to two construction projects located in Janesville, Wisconsin. DEFENDANT had no contact with Illinois concerning the claims alleged by PLAINTIFF. See, ¶¶ 4, 6, 7, 8 of Ricketts Affidavit, Exhibit A to Motion.

DEFENDANT does not have: sales persons or offices in the State of Illinois; a website that solicits Illinois business; advertise in Illinois; Illinois bank accounts; nor continuous work in Illinois. Since March 10, 2006, the date the first Janesville contract was signed, DEFENDANT has had seventy-seven (77) projects (not including the Janesville projects) and only three (3)

projects were in Illinois. The three (3) Illinois projects represent 2.75% of DEFENDANT's total sales since March 10, 2006. See, ¶ 6 of Ricketts Affidavit, Exhibit A. Defendant has not been substantially, continuously and systematically in business in Illinois.

WHEREFORE DEFENDANT requests that these claims be transferred to the Western District of Wisconsin even though venue would also be appropriate in the Eastern Division of Texas since there is no jurisdiction in Illinois but jurisdiction in Wisconsin because of the substantial connection with Wisconsin in the claimed acts and omissions committed by the parties.

## Count II

### Legal Standard for transfer of Venue under 28 U.S.C. §1404(a)

*A. Venue based upon a substantial part of the events or omissions giving rise to the claim, convenience of parties, witnesses and the interests of justice.*

A party can establish proper venue in a district by showing that a "substantial part of the events or omissions giving rise to the claim occurred" in the district. 28 U.S.C. §§1391(a) Under the substantial-part test, multiple districts can have proper venue. *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004). The court "does not ask which district among two or more potential forums is the 'best' venue, rather, [the court asks] whether the district the plaintiff chose had a substantial connection to the claim, whether or not other forums had greater contacts." *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 563 (8th Cir. 2003) Legal Standard under 28 U.S.C.§1404(a)

In evaluating the convenience of the parties and witnesses (a factor often referred to as the "private interest" factor), a district court considers: (1) the plaintiff's choice of forum; (2) the

situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties. See, e.g., *Washington Nat. Life Ins. Co. v. Calcasieu Parish School Bd.*, No. 05 C 2551, 2006 WL 1215413, at *8 (N.D.Ill. May 2, 2006). When examining the interest of justice (often referred to as the "public interest" factors), the court focuses on the efficient administration of the court system. *Id.* Relevant considerations here include the court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving controversies in their locale. *Id. St. Paul Fire and Marine Ins. Co. v. Brother Intern. Corp.* 2006 WL 1543275 (N.D.Ill.)

## ARGUMENT

DEFENDANT believes that these claims should be transferred to the Western District of Wisconsin even if this Court determines that venue is proper in the United States District Court for the Northern District of Illinois, Eastern Division. There are really no substantial contacts with Illinois, even if PLAINTIFF signed the two Janesville, Wisconsin project contracts in Illinois. The acts and omissions relating to the claims and proposed counterclaims took place in Janesville, Wisconsin. See, ¶¶ 7 through 12 of Ricketts Affidavit, Exhibit A to Motion. A majority of the witnesses are from the Janesville, Wisconsin area. See, ¶¶ 11 and 12 of Ricketts Affidavit, Exhibit A. The parties selected the Janesville Wisconsin area to litigate any disputes under Wisconsin law. See, ¶¶ 15, 16 and 17 of Ricketts Affidavit, Exhibit A. Finally, all of the

third party witnesses are from the Janesville Wisconsin area except the steel fabricator which is located in the southern United States.

                D & BR Building Systems, Inc.

                By:/s/Mark D. Manetti
                ARDC #1748459
                MANETTI & GRIFFITH, LTD.
                2311 West 22nd Street
                Suite 217
                Oak Brook, Illinois 60523
                (630) 573-5300